## UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GEORGIA DOUGLAS,                    CASE NO.: 8:26-cv-00538-MSS-LSG

      Plaintiff,

v.

COLUMBIA DEBT RECOVERY, LLC,
d/b/a GENESIS CREDIT, NATIONAL
CREDIT SYSTEMS, INC., EQUIFAX
INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., **PROFESSIONAL DEBT MEDIATION,**
JOEL LACKEY; and TRANSUNION, LLC,

      Defendants.

_____/

## DEFENDANT PROFESSIONAL DEBT MEDIATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant PROFESSIONAL DEBT MEDIATION, INC. ("PDMI"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff GEORGIA DOUGLAS' First Amended Complaint, answering paragraph by paragraph as follows:

## PRELIMINARY STATEMENT

1.    Denied that Defendant bears any liability for the alleged claims.

## JURISDICTION & VENUE

1

2. Admitted for purposes of jurisdiction. Otherwise, denied and strict proof thereof is demanded at trial.

3. Admitted to the extent that Defendant is subject to FCRA § 1681s-2(b). Otherwise, denied and strict proof thereof demanded at trial.

4. Admitted for purposes of venue. Otherwise, without knowledge and thus denied.

## PARTIES

5. Without sufficient knowledge as to the allegations outlined in Paragraph 5. Therefore, denied. However, admitted that Plaintiff is a natural person.

6. The averments outlined in Paragraph 6 pertain to Equifax Information Services, LLC ("Equifax") and not directed to Defendant Professional Debt Mediation, Inc. ("PDM"). Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 6, Defendant denies same.

7. The averments outlined in Paragraph 7 pertain to Equifax Information Services, LLC ("Equifax") and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 7, Defendant denies same.

8.      The averments outlined in Paragraph 8 pertain to Experian and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 8, Defendant denies same.

9.      The averments outlined in Paragraph 9 pertain to Experian and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 9, Defendant denies same.

10.     The averments outlined in Paragraph 10 pertain to TransUnion and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 10, Defendant denies same.

11.     The averments outlined in Paragraph 11 pertain to TransUnion and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 11, Defendant denies same.

12.     The averments outlined in Paragraph 12 pertain to Trans Union and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 12, Defendant denies same.

13. The averments outlined in Paragraph 13 pertain to Columbia and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 13, Defendant denies same.

14. The averments outlined in Paragraph 14 pertain to Columbia and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 14, Defendant denies same.

15. The averments outlined in Paragraph 15 pertain to Columbia and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 15, Defendant denies same.

16. The averments outlined in Paragraph 16 are against Columbia and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 16, Defendant denies same.

17. The averments outlined in Paragraph 17 are against Columbia and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 17, Defendant denies same.

18. Admitted that at the time and date of the allegations listed in the Amended Complaint, PDM was a Florida Profit Corporation with a principal business address of 8657 Baypine Road, Suite 301, Jacksonville, FL 32256.

19. Admitted that at the time and date of the allegations listed in the Amended Complaint, PDM's registered agent was Rohan Kissoonlal.

20. Admitted that at the time and date of the allegations listed in the Amended Complaint, PDM was a "Debt Collector" as defined by the FDCPA and 15 U.S.C. § 1692a(6).

21. Admitted that at the time and date of the allegations listed in the Amended Complaint, PDM was a licensed Consumer Collection Agency.

22. Admitted.

23. The averments outlined in Paragraph 23 pertain to NCS and are not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 23, Defendant denies same.

24. The averments outlined in Paragraph 24 pertain to NCS and are not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 24, Defendant denies same.

25. The averments outlined in Paragraph 25 pertain to NCS and are not directed to Defendant PDM. Therefore, PDM is without knowledge. To the

extent that an admission or denial is required of PDM in response to the claim made in Paragraph 25, Defendant denies same.

26. The averments outlined in Paragraph 26 pertain to NCS and are not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 26, Defendant denies same.

27. The averments outlined in Paragraph 27 pertain to NCS and are not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 27, Defendant denies same.

28. The averments outlined in Paragraph 28 pertain to Mr. Lackey and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 28, Defendant denies same.

29. The averments outlined in Paragraph 29 pertain to Mr. Lackey and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 29, Defendant denies same.

30. The averments outlined in Paragraph 30 pertain to Mr. Lackey and not directed to Defendant PDM. Therefore, PDM is without knowledge. To

the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 30, Defendant denies same.

31. The averments outlined in Paragraph 31 pertain to Mr. Lackey and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 31, Defendant denies same.

32. The averments outlined in Paragraph 32 pertain to Mr. Lackey and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 32, Defendant denies same.

33. The averments outlined in Paragraph 33 pertain to Mr. Lackey and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 33, Defendant denies same.

34. The averments outlined in Paragraph 34 pertain to Mr. Lackey and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 34, Defendant denies same.

35. The averments outlined in Paragraph 35 pertain to Mr. Lackey and not directed to Defendant PDM. Therefore, PDM is without knowledge. To

the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 28, Defendant denies same.

36. The averments outlined in Paragraph 36 pertain to Mr. Lackey and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 36, Defendant denies same.

37. The averments outlined in Paragraph 37 pertain to Mr. Lackey and not directed to Defendant PDM. Therefore, PDM is without knowledge. To the extent that an admission or denial is required of PDM in response to the claim made in Paragraph 37, Defendant denies same.

## FACTUAL ALLEGATIONS

38. Defendant PDM lacks the information sufficient to know the truth of the allegations contained in this paragraph. Therefore, denied.

39. Denied.

40. Denied.

41. Denied.

42. Admitted to the extent that Defendant PDM was contracted to collect the debt owed by Plaintiff to Lake House Apartments. Otherwise, Defendant PDM is without sufficient information to respond to or know about the truth of the other allegations, therefore denied.

43.    Defendant PDM is without sufficient information to know the truth about the allegations made in this paragraph, thus Defendant PDM admits that it does report to CRAs but denies the other allegations.

44.    Without sufficient knowledge or information, therefore denied.

45.    Without sufficient knowledge or information, other than the debt that Defendant PDM attempted to collect related to unpaid and overdue rent. Otherwise, as to all other allegations in this paragraph, Defendant denies same.

46.    Without sufficient knowledge or information regarding the allegations made in this paragraph. To the extent that an admission or denial is required of Defendant PDM, Defendant denies same.

47.    Without sufficient knowledge or information regarding the allegations made in this paragraph. To the extent that an admission or denial is required of Defendant PDM, Defendant denies same.

48.    Without sufficient knowledge or information regarding the allegations made in this paragraph. To the extent that an admission or denial is required of Defendant PDM, Defendant denies same.

49.    Without sufficient knowledge or information regarding the allegations made in this paragraph. To the extent that an admission or denial is required of Defendant PDM, Defendant denies same.

50. Without sufficient knowledge or information regarding the allegations made in this paragraph. To the extent that an admission or denial is required of Defendant PDM, Defendant denies same.

51. Without sufficient knowledge or information regarding the allegations made in this paragraph. To the extent that an admission or denial is required of Defendant PDM, Defendant denies same.

52. Without sufficient knowledge or information regarding the allegations made in this paragraph. To the extent that an admission or denial is required of Defendant PDM, Defendant denies same.

53. Without sufficient knowledge or information regarding the allegations made in this paragraph. To the extent that an admission or denial is required of Defendant PDM, Defendant denies same.

54. Admitted, with respect to Defendant PDM only, that any ADCV form received through e-OSCAR resulted in a reasonable investigation into the dispute.

55. Admitted, with respect to Defendant PDM only.

56. The comments contained within Paragraph 56 contain legal arguments and no factual averments that would require Defendant PDM to admit or deny. To the extent that such factual averments are contained within this paragraph, Defendant denies same.

57. Denied, with respect to Defendant PDM only.

58.   Denied, with respect to Defendant PDM only.

59.   Denied, with respect to Defendant PDM only.

60.   Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such averments may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

61.   This paragraph contains only legal argument, and not any factual statements or averments for which Defendant PDM can admit or deny. However, to the extent that this paragraph may be deemed to contain such factual averments that require an admission or denial from Defendant PDM, Defendant denies same.

62.   Denied.

63.   Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such averments may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

64.   Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such averments may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

65. Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such averments may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

66. Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such averments may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

67. Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such averments may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

68. This paragraph contains only legal argument, and not any factual statements or averments for which Defendant PDM can admit or deny. However, to the extent that this paragraph may be deemed to contain such factual averments that require an admission or denial from Defendant PDM, Defendant denies same.

69. This paragraph contains only legal argument, and not any factual statements or averments for which Defendant PDM can admit or deny. However, to the extent that this paragraph may be deemed to contain such

factual averments that require an admission or denial from Defendant PDM, Defendant denies same.

70. This paragraph contains only legal argument, and not any factual statements or averments for which Defendant PDM can admit or deny. However, to the extent that this paragraph may be deemed to contain such factual averments that require an admission or denial from Defendant PDM, Defendant denies same.

71. Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

72. Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

73. Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

74. Denied.

75.    Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

76.    Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

77.    Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

78.    Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

79.    Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

80. Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

81. Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

82. Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

83. Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

84. Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

85.     Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

86.     Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

87.     Defendant PDM lacks sufficient knowledge or information to know the truth about the allegations contained in this paragraph. To the extent that such allegations may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

COUNT ONE:
FAIR CREDIT REPORTING ACT
WILLFUL VIOLATION OF 15 U.S.C., SECTION 1681S-2(B)
(AS TO NCS ONLY)

88.     Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

89.     As this is an averment against NCS, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

90.     As this is an averment against NCS, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

91.     As this is an averment against NCS, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

92.     As this is an averment against NCS, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant lacks sufficient information to know the truth about the allegations in the unnumbered "WHEREFORE" paragraph, including subsections (a) through (d).


COUNT TWO:
FAIR CREDIT REPORTING ACT
NEGLIGENT VIOLATION OF 15 U.S.C., SECTION 1681s-2(B)
(As to NCS Only)

93.     Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

17

94. As this is an averment against NCS, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

95. As this is an averment against NCS, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

96. As this is an averment against NCS, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

97. As this is an averment against NCS, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

98. As this is an averment against NCS, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant lacks sufficient information to know the truth about the allegations in the unnumbered "WHEREFORE" paragraph, including subsections (a) through (c).

## COUNT THREE:
## FAIR CREDIT REPORTING ACT
## WILLFUL VIOLATION OF 15 U.S.C., SECTION 1681s-2(B)
## (AS TO COLUMBIA ONLY)

99.    Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

100.   As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

101.   As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

102.   As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

103.  As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant lacks sufficient information to know the truth about the allegations in the unnumbered "WHEREFORE" paragraph, including subsections (a) through (d).

COUNT FOUR
FAIR CREDIT REPORTING ACT
NEGLIGENT VIOLATION OF 15 U.S.C. SECTION 1681S-2(B)
(As to Columbia Only)

104.  Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

105.  As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

106.  As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

107.   As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

108.   As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

109.   As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant lacks sufficient information to know the truth about the allegations in the unnumbered "WHEREFORE" paragraph, including subsections (a) through (c).

COUNT FIVE
FAIR CREDIT REPORTING ACT
WILLFUL VIOLATION OF 15 U.S.C., SECTION 1681S-2(B)
(As to PDM Only)

110.   Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

111.   Denied.

112. Denied as phrased.

113. Denied.

114. Denied.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (d).

COUNT SIX
NEGLIGENT VIOLATIONS OF THE FCRA, 15 § 1681S-2(B)
(As to PDM Only)

115. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

116. Denied.

117. Denied.

118. Admitted.

119. Denied.

120. Denied.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (c).

COUNT VII
WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)
Experian Only

121. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

22

122. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

123. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

124. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

125. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (d).

COUNT VIII
NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)
Experian Only
In the Alternative to Count VII

126. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

127. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

128. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

129. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

130. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

131. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent

that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (c).

<u>COUNT IX</u>
<u>WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)</u>
<u>Trans Union Only</u>

132. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

133. As this is an averment against Trans Union, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

134. As this is an averment against Trans Union, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

135. As this is an averment against Trans Union, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

136.   As this is an averment against Trans Union, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (d).

## COUNT X
### NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)
### Trans Union Only
### In the Alternative to Count IX

137.   Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

138.   As this is an averment against Trans Union, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

139.   As this is an averment against Trans Union, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

140.   As this is an averment against Trans Union, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent

26

that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

141. As this is an averment against Trans Union, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

142. As this is an averment against Trans Union, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (c).

COUNT XI

WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)

Equifax Only

143. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

144. As this is an averment against Equifax, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

145. As this is an averment against Equifax, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

146. As this is an averment against Equifax, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

147. As this is an averment against Equifax, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (d).

COUNT XII
NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. §
1681i(a)(1)(A)
Equifax Only
In the Alternative to Count XI

148. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

149. As this is an averment against Equifax, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent

that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

150. As this is an averment against Equifax, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

151. As this is an averment against Equifax, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

152. As this is an averment against Equifax, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

153. As this is an averment against Equifax, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (c).

COUNT XIII

## WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681c-2
### Experian Only

154. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

155. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

156. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

157. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

158. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (d).

COUNT XIV

NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681c-2

Experian Only

In the Alternative to Count XIII

159. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

160. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

161. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

162. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

163. As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent

that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

164.  As this is an averment against Experian, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (c).

COUNT XV
VIOLATIONS OF THE FCCPA, § 559.72(9), FLA. STAT.
NCS and Lackey Only

165.  Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

166.  As this is an averment against NCS and Lackey, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

167.  As this is an averment against NCS and Lackey, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (e).

## COUNT XVI
## VIOLATIONS OF THE FCCPA, § 559.72(9), FLA. STAT.
### Columbia Only

168. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

169. As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

170. As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (e).

## COUNT XVII
## VIOLATIONS OF THE FCCPA, § 559.72(9), FLA. STAT.
### PDM Only

171. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs, 1-87, as though fully set forth herein.

172. Denied.

33

173. Denied.

Defendant lacks sufficient information to know the truth about the allegations in the unnumbered "WHEREFORE" paragraph, including subsections (a) through (e).

COUNT XVIII
VIOLATIONS OF THE FDCPA
NCS and Lackey Only

174. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

175. As this is an averment against NCS and Lackey, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

176. As this is an averment against NCS and Lackey, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

177. As this is an averment against NCS and Lackey, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

178.   As this is an averment against NCS and Lackey, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (d).

## COUNT XIX
## VIOLATIONS OF THE FDCPA
## Columbia Only

179.   Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

180.   As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

181.   As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

182.   As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent

that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

183.    As this is an averment against Columbia, Defendant PDM lacks sufficient information to know the truth about the allegations. To the extent that such allegations or averments in this paragraph may be deemed to require an admission or denial from Defendant PDM, Defendant denies same.

Defendant denies the allegations and claims set forth in the "WHEREFORE" Section, paragraphs (a) through (d).

COUNT TWENTY:
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AS TO PDM ONLY)

184.    Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

Defendant denies the allegations and averments in the paragraph entitled "WHEREFORE" and its subparts (a) through (d).

**GENERAL DENIAL OF PLAINTIFF'S REQUESTS FOR RELIEF**

Defendant PDM denies all allegations of the Complaint that are not expressly admitted herein, including the Plaintiff's Prayer(s) for Relief.

Defendant PDM further demands that the Plaintiff be required to strictly prove her allegations and damages, if any.

## DEMAND FOR JURY TRIAL

In response to the unnumbered paragraph of the Amended Complaint underneath JURY TRIAL DEMANDED, Defendant PDM admits that Plaintiff has demanded a trial by jury.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Defendant PDM hereby asserts the following affirmative defenses, without conceding that it bears the burden of pursuant as to any of them. Further, Defendant PDM reserves the right to amend the following affirmative defenses as discovery commences and additional information becomes known.

### FIRST AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred or diminished, in whole or in part, to the extent that Plaintiff failed to take proper and reasonable steps to avoid or to minimize, prevent, or otherwise mitigate any and all alleged damages.

### SECOND AFFIRMATIVE DEFENSE

The damages alleged by Plaintiff are speculative, lack any viable legal basis, and are not causally connected to PDM's alleged conduct.

37

THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which PDM has no control.

FOURTH AFFIRMATIVE DEFENSE

At all times relevant with respect to Plaintiff, PDM acted in good faith and complied fully with FCRA in performing a reasonable investigation with respect to the nature and specificity of the information provided in any dispute by Plaintiffs to the CRAs.

FIFTH AFFIRMATIVE DEFENSES

Plaintiff's FCRA claims fail because any credit reporting statements made by PDM concerning Plaintiff were true or substantially true. In the alternative, any incorrect information about Plaintiff provided by PDM to a consumer reporting agency was not provided willfully or with malice. Rather, PDM acted in good faith and any such incorrect information was the result of an honest mistake or reasonable belief as to the truth of such information.

SIXTH AFFIRMATIVE DEFENSE

PDM's investigations into Plaintiff's alleged disputes were timely, reasonable, and substantive, and therefore, Plaintiff does not state a viable claim under the FCRA.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering damages for a willful or knowing violation because any violation, which PDM denies, was not willful or knowing.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from PDM any punitive or statutory damages on the grounds that any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth or Fourteenth Amendment of the United States Constitution, or the Excessive Fines Clause of the Eighth Amendment by the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Further, Plaintiff cannot recover from PDM any punitive or statutory damages that would violate the constitutional standards enunciated in cases such as BMW of North America v. Gore, 517 U.S. 559 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); and State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against PDM are barred because Plaintiff is responsible for the subject debt; the subject debt is valid and accurate; the creditor for the subject debt verified that it is accurate; PDM is entitled to reasonably rely on

the information provided by the creditor; and/or the documentation and legal processes undergone to this point support the subject debt.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery, in whole or in part, to the extent that some or all of her claims are barred under the doctrines of res judicata, collateral estoppel, equitable estoppel, estoppel, accord and satisfaction, unclean hands, waiver, laches, 15 U.S.C. § 1681p, and by way of the applicable statute of limitations, and other statutes relevant to the limitation of actions, should discovery or subsequent investigation prove such defenses warranted.

## ELEVENTH AFFIRMATIVE DEFENSE

PDM acted at all times in compliance with all applicable statutes.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

PDM was accurately reporting Plaintiff's tradeline at all relevant times.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against PDM are barred in whole or in part by the fact that Plaintiff has no actual or concrete damages resulting from any unlawful conduct by PDM and thus has no standing to bring her claims. See Spokeo, Inc. v. Robins, 135 S. Ct. 1892 (2015).

40

## FIFTEENTH AFFIRMATIVE DEFENSE

PDM alleges that Plaintiff's claims may be barred by any or all of the following affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure, including, but not limited to: estoppel; failure of consideration; laches; statute of limitations; mistake; and waiver.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Defendant PDM requests that judgment be entered in its favor and against Plaintiff and that Defendant PDM be awarded all attorneys' fees and costs incurred in this action pursuant to applicable law. Defendant PDM further prays for any such other relief to which it is entitled.

RESPECTFULLY SUBMITTED this 29th day of May 2026.

**ORR | COOK**

*/s/ Erin T. Perry*

_____

**Erin T. Perry, Esquire**
Florida Bar No.: 45097
eperry@orrcook.com
sbennett@orrcook.com
edocket@orrcook.com
50 N. Laura St., Ste. 1675
Jacksonville, Florida 32202
Telephone: (904) 358-8300
Facsimile: (904) 358-8303

*Counsel for Defendant,*
*Professional Debt Mediation,*
*Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of May 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter.

**ORR | COOK**

*/s/ Erin T. Perry*

_____

**Erin T. Perry, Esquire**
