UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| GEORGIA DOUGLAS, | |
| *Plaintiff*, | |
| v. | |
| COLUMBIA DEBT RECOVERY, LLC, *d/b/a* GENESIS CREDIT, NATIONAL CREDIT SYSTEMS, INC., EQUIFAX INFORMATION SERVICES, LLC\*, EXPERIAN INFORMATION SOLUTIONS, INC., PROFESSIONAL DEBT MEDIATION INC., JOEL LACKEY\*\*; and TRANS UNION LLC, | Case No: 8:26-cv-00538-MSS-LSG |
| *Defendants*. | |

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

---

\* Plaintiff and Defendant, Equifax Information Services, LLC have reached a confidential settlement prior to the filing of this Case Management Report. A Notice of Settlement has been filed with the Court to reflect this agreement.

\*\*Defendant Joel Lackey has not yet been served at this time

The parties conducted the planning conference on 5/8/2026 – 5/29/2026. Christian E. Cok, counsel for Plaintiff, Maria Ruiz, counsel for Defendant, Experian Information Solutions, Inc., Charlotte Long, counsel for Defendant, Trans Union LLC, LLC, Albert Gibson, counsel for Defendant, National Credit Systems, Inc., Erica Kramer, counsel for Defendant, Columbia Debt Recovery, and Erin Perry, counsel for Defendant Professional Debt Mediation, Inc. attended the conference.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 06/12/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 06/19/2026 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 11/06/2026 |
| Defendant's deadline for disclosing any expert report. | 12/11/2026 |
| Deadline for disclosing any rebuttal expert report. | 01/15/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 02/12/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 03/05/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. The Parties agree to mediate virtually with Ret. Judge Gregory Holder 5401 West Kennedy Blvd. Suite 170 Tampa, FL 33609. Tel: 813-820-1114 | 02/26/2027 |

| | |
|---|---|
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 7/2/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 7/9/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 7/16/2027 |
| Month and year of the trial term. | 8/6/2027 |

The trial will last approximately 1-2 days and be

☒ jury.

☐ non-jury.

3.  **Description of the Action**

**Plaintiff brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) alleging that Defendants, National Credit System, Columbia Debt Recovery, and Professional Debt Mediation, failed to conduct a reasonable investigation into Plaintiff's disputes, under the Fair Credit Reporting Act, 15 U.S.C. § 1681i(a)(1)(A) alleging Defendants Trans Union LLC, and Experian Information Services, Inc. failed to conduct a reasonable investigation into Plaintiff's written dispute and Plaintiff brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681c-2 for failing to block the tradelines identified by Plaintiff after receiving the requisite information required.**

**Plaintiff brings this action under Florida's Consumer Collection Practices Act § 559.72(9) Fla. Stat. against Defendants National Credit System, Joel Lackey, Columbia Debt Recovery, and Professional Debt Mediation for asserting an illegitimate debt was legitimate despite disputes.**

**Plaintiff brings this action under the Fair Debt Collection Practices Act 15 U.S.C. § 1692 against Defendants National Credit System, Joel Lackey, Columbia Debt Recovery, and Professional Debt Mediation.**

Experian:
**Experian Information Solutions, Inc.**:  This is an action for damages brought by an individual consumer against Experian, a consumer reporting agency as defined

3

by 15 U.S.C. § 1681a(f), for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.  Experian denies that it violated the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damage as a result of any alleged wrongful actions or inactions of Experian.  Experian maintained reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff for the preparation of consumer reports. Experian properly reinvestigated Plaintiff's disputes, updated information as appropriate, and timely reported the results of those reinvestigations to Plaintiff. Experian's conduct has not been negligent or willful, nor has Experian acted with malice or a reckless or conscious disregard for the rights of Plaintiff.  Plaintiff's claimed damages were not caused by Experian but by Plaintiff or by third parties. Discovery has not yet begun, and Experian bases this statement on the facts and information currently available to it and reserves the right to supplement this summary if necessary as this case and the facts develop.  Experian readopts and realleges its affirmative defenses from the Answer and Affirmative Defenses filed in response to Plaintiff's Complaint as if fully set forth herein. At this time, Experian does not anticipate asserting claims against Plaintiff, but reserves the right to do so as the facts develop.

Trans Union: Defendant Trans Union states that is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

Columbia Debt Recovery: Defendant Columbia Debt Recovery, LLC d/b/a Genesis ("Genesis") denies that it violated the FCRA, FCCPA, or FDCPA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damages as a result of any alleged wrongful conduct by Genesis, and specifically denies that Plaintiff can support a claim for punitive damages against Genesis.  Genesis conducted a reasonable investigation and did not have knowledge that the account placed with it was the result of identity theft as Plaintiff alleges in her First Amended Complaint.

National Credit Systems: Defendant NCS is a data furnisher and debt collector hired to collect leasing debts.  NCS denies Plaintiff's claims.  Without limiting its affirmative defenses and requirement of Plaintiff to establish all elements of the claims asserted against NCS, NCS denies liability, including for the reasons that Plaintiff's dispute with respect to the NCS account is not an actionable inaccuracy

4

under the FDCPA, FCCPA, and FCRA 15 U.S.C. § 1681s-2(b) for several reasons, including the objectively and readily verifiable standard, the debt is not inaccurate (in that Plaintiff may have responsibility for same), assertion of a legal dispute, and assertion of a collateral attack on the validity of the debt. Even if the indirect disputes received by NCS are determined to be actionable inaccuracies, NCS performed a reasonable investigation for each dispute. NCS also defends the FDCPA and FCCPA claims pursuant to the bona fide error defense. Additionally, NCS denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. NCS makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

Professional Debt Mediation: Professional Debt Mediation, Inc: Defendant Professional Debt Mediation, Inc. ("PDM") is a debt collector as defined in Fla. Stat. § 559.72. PDM denies that it failed to comply with the Fair Credit Reporting Act, 15 U.S.C. 1681s-2(b) et seq. PDM further denies that it failed to comply with Fla. Stat. § 559.72 or any other portion of the statute, the FDCPA, or the FCCPA. PDM specifically states that it maintains reasonable procedures and conducts investigations necessary to properly validate the accuracy of the reported debt and/or Plaintiff's disputes. Even if there are determined to be inaccuracies which may be deemed actionable, PDM maintains that it performed a reasonable investigation for each dispute. PDM defends the FDCPA and FCCPA claims pursuant to the bona fide error defense. PDM denies that Plaintiff is entitled to any of the relief sought in her Amended Coomplaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Thus, PDM denies that Plaintiff is entitled to the relief sought in her Complaint. PDM reserves the right to supplement this statement as the facts are developed through discovery. Further, PDM makes this statement without waiving any defense.

Joel Lackey: Defendant Lackey has not been served as of this filing.

## 4. Disclosure Statement

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by

filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

     ☒  Yes.
     ☐  No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects:

<u>Plaintiff</u>: Based on what is presently known, Plaintiff anticipates conducting discovery on all allegations, claims, theories of liability, damages, and affirmative defenses alleged in the Complaint and Answer.

<u>Experian: Experian intends to take discovery on the following issues:</u>
1.  Whether Plaintiff has stated any claims upon which relief may be granted;

2.  Whether any consumer report prepared by Experian contained any inaccuracy;

3.  Whether Plaintiff disputed the accuracy of an item of information on Plaintiff's credit file;

4.  Whether any reinvestigation conducted by Experian violated the FCRA;

5.  Whether Plaintiff has established a claim against Experian for negligent noncompliance with the FCRA;

6.  Whether Plaintiff has established a claim against Experian for willful noncompliance with the FCRA;

7.  Whether Plaintiff suffered any damage as a result of any actions or inactions of Experian;

8.  Whether any causal links exist between Experian's alleged actions or inactions and Plaintiff's alleged damages;

9.  Whether Plaintiff is entitled to actual damages pursuant to the FCRA;

10. Whether Plaintiff is entitled to statutory damages pursuant to the FCRA;

11. Whether Plaintiff is entitled to punitive damages pursuant to the FCRA; and

12. Whether any party is entitled to costs or attorneys' fees.

Trans Union: Trans Union asserts that the principal issues of the case are:

1. Whether Plaintiff was the cause of any alleged misreporting by Trans Union;

2. Whether Plaintiff can demonstrate, as required, that Trans Union reported inaccurate information about Plaintiff;

3. Whether Trans Union maintained reasonable procedures to ensure accurate reporting;

4. The nature and basis of Plaintiff's alleged disputes to Trans Union and Trans Union's handling of same;

5. Whether Plaintiff can demonstrate, as required, that he suffered any damages and that such damages were causally related to any violation of the FCRA;

6. Whether Trans Union maintained and followed reasonable procedures designed to ensure maximum possible accuracy in accordance with 15 U.S.C. § 1681e(b):

7. Whether the aforementioned factual issues establish the basis for any claims against Trans Union pursuant to Sections 1681e(b) and 1681i of the FCRA.

Columbia Debt Recovery: Genesis anticipates conducting discovery on all allegations, claims, theories of liability, causation, and damages alleged in the First Amended Complaint, including but not limited to, Plaintiff's alleged disputes to CRAs regarding information allegedly furnished by Genesis, and Plaintiff's documentation of alleged identity theft in connection with the account placed with Genesis.

National Credit Systems: NCS anticipates that its discovery will largely mirror that of the other defendants set out herein.

Professional Debt Mediation: PDM anticipates that its discovery will largely mirror that of the other defendants set out herein. It anticipates that the discovery will cover all of Plaintiff's allegations in her Amended Complaint, theories of liability, causation and damages.

Joel Lackey: Defendant Lackey has not been served as of this filing.

C.  Discovery should be conducted in phases:

☒  No.
☐  Yes; describe the suggested phases.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐  No.
☒  Yes; describe the issue(s).

The parties shall conduct discovery pursuant to Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. The parties have discussed a discovery plan, including all topics required by Rule 26(f)(3) and have the following proposals regarding Electronically Stored Information:

The parties agree to produce ESI in PDF format, and to the extent possible, in searchable PDF format. The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email addresses listed for the parties in the Court's CM/ECF system for service. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). The requesting party agrees to attach its requests in Microsoft Word (.doc) format upon request. If an error or delayed delivery message is received by the sending party, that party shall promptly notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

E.  ☒   The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

No such order is requested at this time.

F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ ☒ No.
☐   Yes; describe the stipulation.

## 10.  Request for Special Handling

☒  The parties do not request special handling.

☐  The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11.  Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12.  Signatures

/s/ Christian E. Cok
Christian E. Cok
Florida Bar No. 1032167
Seraph Legal, P.A.
3505 E Frontage Road, Suite 145
Tampa, FL 33607
CCok@Seraphlegal.com
(813)-321-2349
Attorney for Plaintiff

/s/ Albert Gibson
Albert Douglas Gibson
The Gibson Law Firm PA
4720 Salisbury Road
Jacksonville, FL 32256
561-501-7858
adg@gibsonlawfirmpa.com

/s/ Maria Ruiz
Maria H. Ruiz
Florida Bar No. 182923
KASOWITZ LLP
201 S. Biscayne Blvd., Suite 2550
Miami, FL 33131
Phone: (786) – 587 – 1044
Email: MRuiz@Kasowitz.com
Attorney for Defendant Experian
Information Solutions, Inc.

/s/ Erin T. Perry
Erin T. Perry
Orr Cook
50 N. Laura St., Suite 2800
Jacksonville, FL 32202
904-358-8300

*Attorney for National Credit System*

eperry@orrcook.com
*Attorney for Professional Debt Mediation*


/s/ *Charlotte Long*
Charlotte A. Long
Trans Union, LLC
555 W. Adams Street
Chicago, IL 60661
469-578-1464
charlotte.long@transunion.com
*Attorney for Trans Union LLC*

/s/ *Erica Kramer*
Erica A.N. Kramer
Hudson Cook, LLP
9431 Bradmore Lane, Suite 201
Ooltewah, TN 37363
423-490-7560
ekramer@hudco.com
*Attorney for Defendant Columbia Debt
Recovery, LLC d/b/a Genesis*

11