## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GEORGIA DOUGLAS,

    *Plaintiff*,

    v.

COLUMBIA DEBT RECOVERY, LLC, *d/b/a* GENESIS CREDIT, NATIONAL CREDIT SYSTEMS, INC., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., PROFESSIONAL DEBT MEDIATION INC., JOEL LACKEY; and TRANS UNION LLC,

    *Defendants*.

Case No: 8:26-cv-00538-MSS-LSG

## PLAINTIFF'S MOTION FOR
## EXTENSION OF TIME TO SERVE DEFENDANT JOEL LACKEY

**INTRODUCTION**

Plaintiff, Georgia Douglas, respectfully submits this Motion for Extension of Time to Serve Defendant pursuant to Federal Rules of Civil Procedure 4(m) and 6(b), seeking an extension of the deadline to effect service of the summons and complaint upon Defendant, Joel Lackey.

The operative complaint in this action was filed on March 26, 2026. Under Federal Rule of Civil Procedure 4(m), service must be completed within ninety days of filing. That deadline is approaching. Despite exercising reasonable diligence and making multiple good-faith service attempts, Plaintiff has encountered genuine obstacles that have prevented timely service. These obstacles lie outside Plaintiff's control and do not reflect negligence or lack of effort.

Plaintiff has demonstrated the required diligence through seeking waiver from Defendant's Employer's General Counsel upon identification, seeking waiver from Defendant's private counsel who has been identified from pervious matters, delivered service of process to Defendant's office, hiring multiple process servers, and engaging with the Cobb County Sheriff's Department to effectuate service. Defendant will

suffer no meaningful prejudice from a reasonable extension. The requested extension is modest in duration, no discovery has commenced, and Defendant has received actual notice of this action when his assistant who asserted permission to accept service on his behalf received a copy of the Summons and Amended Complaint. For these reasons, Plaintiff respectfully requests that this Court extend the deadline for service by 30 days from the date of this Order.

**<u>STATEMENT OF FACTS</u>**

1. **Commencement of Action.** Plaintiff filed the Complaint in this action on March 26, 2026, initiating this lawsuit against Defendant Joel Lackey *inter alia*. The Complaint asserts claims for violations of the FDCPA for directing Defendant, NCS, to use false, deceptive, and misleading representations in connection with the collection of a debt that was not owed by Plaintiff, and was the result of Identity theft and seeks statutory damages of $1,000.00, actual damages to be determined by a Jury, reasonable costs and fees, and any other relief this Court deems just and proper.

2. **Deadline for Service.** Under Federal Rule of Civil Procedure 4(m), Plaintiff was required to effect service of the summons and complaint upon Defendant on or before 90 days of filing. As of the date of this Motion, the ninety-day service period is about to expire.

3. **Service Attempts and Diligence.** Plaintiff has exercised reasonable diligence in attempting to locate and serve Defendant. Specifically, Plaintiff has undertaken the following efforts:

   1. On March 10, 2026, a process server from Chameleon, a registered process server for the counties of Fulton, Gwinnett, Dekalb, Hall, and Cobb in Georgia attempted to serve Mr. Lackey at his primary address but was unable to access the property due a closed gate with no call box.

Page 2 of 10

2. On April 7, 2026, Plaintiff's counsel sought a waiver of service on behalf of Joel Lacky from Defendant, NCS's General Counsel, Jonathan Green, after he identified himself to Plaintiff's Counsel. Mr. Green informed Plaintiff's Counsel that he did not have authority to accept service on behalf of Mr. Lackey.

3. On April 9, 2026, Plaintiff's Counsel was contacted by outside Counsel for NCS, John Bowdich. Plaintiff's Counsel asked if Mr. Bowdich could accept service on behalf of Mr. Lackey but was informed that Mr. Bowdich had not been retained by Mr. Lackey at that time but anticipated he would be retained. Mr. Lackey indicated that he would like to speak with Plaintiff's Counsel directly.

4. On April 14, 2026, Plaintiff's Counsel reached out to Mr. Bowdich again seeking an update on representation of Mr. Lackey and indicated an ethical concern of speaking with a potentially represented defendant. Plaintiff's Counsel received no response.

5. On April 16, 2026, Plaintiff's Counsel requested another update from Mr. Bowdich regarding the representation of Mr. Lackey. Plaintiff's Counsel received no response.

6. On April 23, 2026, Plaintiff's Counsel called the office of Mr. Bowdich and emailed him requesting an update on representation. Mr. Bowdich informed Plaintiff's Counsel that he had not been retained by Mr. Lackey and did not anticipate he would be retained until Mr. Lackey was properly served.

7. On April 24, 2026, the Chameleon process server was directed to serve Mr. Lackey at his place of employ, NCS's offices. However, on April 29, 2026 the process server indicated the address on file was a vacant building that is currently up for sale or lease.

8. On May 14, 2026, the Chameleon process server attempted service at a new address for NCS. Mr. Lackey was present but would not come out of his office. Michelle Graczyk identified herself as Mr. Lackey's controller, stated that she is expressly authorized to accept service, and accepted service on his behalf.

9. On May 14, 2026, Plaintiff's Counsel reached out to Mr. Bowdich regarding Mr. Lackey and was informed that Mr. Lackey did not receive the papers directly.

10. On May 22, 2026, Plaintiff's Counsel's office reached out to the Cobb County Sheriff's Office requesting their procedures for service on an individual. There was no response until May 29, 2026 when the point of contact at the Sheriff's office sent instructions on who to contact to request service.

11. On June 6, 2026, the summons and Complaint were mailed to the Cobb County Sheriff's Office. The packet was returned.

12. On June 16, 2026, the summons and Complaint were mailed to the address provided for the Cobb County Sheriff's Office.

13. Attempts to serve Mr. Lackey continue.

4. **Absence of Negligence and Lack of Prejudice.** The delay in effecting service is not attributable to negligence, lack of diligence, or inattention on the part of Plaintiff or Plaintiff's counsel. Defendant has received actual notice of this action as the President of Defendant, NCS, through communications with NCS's general Counsel, NCS's outside counsel, and his controller, Michelle Graczyk. Accordingly, Defendant is aware of the pendency of this action and will not be prejudiced by a reasonable extension of the service deadline.

5. **Current Status of Service Efforts.** Plaintiff is actively pursuing service and expects to effect service within 30 days of this Court's grant of this Motion.

6. **No Prior Extensions.** This is Plaintiff's first request for an extension of the service deadline. Plaintiff has continued to exercise diligence in attempting service and now seeks an additional extension for the reasons set forth herein.

## SUMMARY OF ARGUMENT

Federal Rule of Civil Procedure 4(m) requires the Court to extend the time for service when the plaintiff shows good cause for the failure to serve within ninety days. Plaintiff has established good cause through a combination of prompt action, multiple service attempts, diligent investigation, and documented obstacles outside Plaintiff's control. The facts demonstrate reasonable diligence rather than neglect or strategic delay.

Even if good cause were not found, the Court possesses discretionary authority under Rule 4(m) to extend the service deadline rather than dismiss the action. An extension is the more equitable and efficient remedy where Plaintiff has demonstrated diligence and Defendant will suffer no meaningful prejudice. The extension serves judicial economy and the strong federal policy favoring resolution of cases on the merits.

Additionally, Rule 6(b) provides an independent basis for extending the service deadline. If this motion is filed before the deadline expires, good cause supports extension under Rule 6(b)(1)(A). If filed after the deadline, excusable neglect supports extension under Rule 6(b)(1)(B). The minimal prejudice to Defendant and Plaintiff's continued diligent pursuit of service support granting the requested extension.

## ARGUMENT

### I. Plaintiff Has Shown Good Cause Under Rule 4(m), Requiring the Court to Extend the Time for Service

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specified time. However, if the plaintiff shows good cause for the failure to serve within that period, the court must extend the time for service for an appropriate period. The mandatory language of Rule 4(m) reflects the federal policy favoring resolution of cases on the merits rather than on procedural technicalities.

### A. Good Cause Requires Reasonable Diligence and Obstacles Beyond Plaintiff's Control

Good cause under Rule 4(m) is satisfied when a plaintiff demonstrates reasonable diligence in attempting service coupled with obstacles or impediments that lie outside the plaintiff's control. Good cause is not established by mere inadvertence, neglect, or strategic delay in pursuing service. Rather, it requires a showing that the plaintiff acted promptly and persistently to locate and serve the defendant despite genuine obstacles.

The factual background of this motion demonstrates that Plaintiff has satisfied this standard. The record shows multiple service attempts at various addresses, prompt retention of a process server following filing, and pursuit of alternative service methods or addresses. These actions collectively establish that Plaintiff has exercised reasonable diligence in attempting to effect service.

### B. Plaintiff's Conduct Demonstrates Diligence, Not Neglect

Plaintiff's conduct stands in sharp contrast to cases involving mere neglect or strategic delay. Immediately upon filing the complaint, Plaintiff hired a process server to serve Mr. Lackey at his home address. Rather than allowing time to pass without effort, Plaintiff directed the process server to serve Mr. Lackey at NCS's offices which moved locations, contacted Mr. Lackey's anticipated counsel seeking waiver on numerous occasions, and finally reached out to the Cobb County Sheriff's Department to prefect service. The multiple attempts documented in the factual background demonstrate that Plaintiff did not abandon efforts when initial attempts proved unsuccessful.

The obstacles encountered were not products of Plaintiff's negligence but rather reflect the practical difficulties inherent in locating and serving certain defendants.

Defendant's unwillingness to come out of his office while at work and accept service created genuine impediments to service. Plaintiff's response—pursuing alternative addresses, and continuing efforts—shows the diligence required by Rule 4(m).

## C. External Impediments Support a Finding of Good Cause

The factual circumstances reveal impediments beyond Plaintiff's reasonable control. Plaintiff's current hiring of the Sheriff's Department demonstrates that diligent efforts have borne fruit and that an extension of time will likely result in successful service. A finite extension is reasonable and proportionate to the circumstances.

## II. The Court Should Exercise Its Discretion to Extend the Service Deadline

Even if good cause were not found, Rule 4(m) grants the Court discretionary authority to order that service be made within a specified time rather than dismissing the action. An extension of the service deadline represents a measured remedy that preserves the action while providing Plaintiff a reasonable opportunity to complete service.

## A. An Extension Serves Judicial Economy and Equity

Granting an extension serves the interests of judicial economy and equity by allowing the case to proceed on the merits rather than being terminated on a procedural technicality. The extension remedy avoids the waste of judicial resources that would result from dismissal, potential re-filing, and the attendant duplication of effort. An extension is therefore the more proportional and efficient response to the service difficulties encountered.

## B. Defendant Will Suffer No Meaningful Prejudice

The Defendant faces minimal prejudice from a reasonable extension of the service deadline. First, the delay occasioned by the extension is limited in duration. Second, no discovery has yet commenced, meaning Defendant incurs no burden from extended discovery obligations. Third, an extension merely permits Plaintiff to complete service; it does not advance the litigation timeline or impose substantive obligations on Defendant. Under these circumstances, any prejudice to Defendant is negligible.

To the extent Defendant has received actual notice of this action through receipt of the lawsuit by NCS and his controller, the purposes of Rule 4 service have been substantially satisfied. Actual notice further reduces any prejudice and supports the exercise of discretion to extend.

### III. Rule 6(b) Provides an Independent Basis for Extension

Federal Rule of Civil Procedure 6(b) establishes that when an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. The court may also extend time on motion made after the time has expired if the party failed to act because of excusable neglect.

### A. The Motion Satisfies the Applicable Standard

If this motion is filed before expiration of the Rule 4(m) deadline, the applicable standard is good cause under Rule 6(b)(1)(A). The facts presented here satisfy this standard. Counsel has made prompt and diligent efforts to effect service, including all efforts listed above in the Statement of Facts. These efforts have been impeded by obstacles outside counsel's control, including a closed residential gate, an office relocation, and refusal by the Defendant to greet the process server at his office. Despite these obstacles, counsel has continued to pursue service actively and stands ready to complete service immediately upon the grant of this extension.

### B. A Defined Extension Is Appropriate

Plaintiff respectfully requests that this Court extend the time to serve the defendant until for 30 days from the date of this order. Plaintiff commits to filing proof of service promptly upon completion of service. Plaintiff further requests leave to effect service by alternative means, including publication in the Marietta Daily Journal, Cobb County, Georgia's Local Online Newspaper or to use service methods permitted under the law of the state in which service is to be effected.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion for Extension of Time to Serve Defendant.

### WHEREFORE

Plaintiff Georgia Douglas, respectfully requests that this Court:

1. **GRANT** Plaintiff's Motion for Extension of Time to Serve Defendant, Joel Lackey;

2. **EXTEND** the deadline for service of the summons and complaint upon Defendant Joel Lackey for a period of 30 days from the date of this Order, or such other period as the Court deems appropriate;

3. **ORDER** that Plaintiff shall file proof of service with the Court within 5 days following completion of service; and

4. **GRANT** such other and further relief as the Court deems just, proper, and equitable under the circumstances.

5. **ALTERNATIVELY**, deem Mr. Lackey served due to the receipt of the Complaint and Summons by Ms. Graczyk who identified herself as Mr. Lackey's controller to the process server and indicated express permission to accept the papers on his behalf.

Respectfully submitted,

Dated June 17, 2026,

*/s/Christian E. Cok*
Christian E. Cok
FL Bar # 1032167
CCok@Seraphlegal.com
SERAPH LEGAL, P. A.
3505 E Frontage Road, Suite 145
Tampa, FL 33607
Tel: 813-321-2349
Fax: 855-500-0705
*Lead Counsel for Plaintiff*

## Local Rule 3.01(g) Certificate

Plaintiff's Counsel conferred with all counsel who has appeared in this case Counsel for Experian Information Solutions, Inc.; Trans Union LLC; Professional Debt Mediation, Inc.; and Columbia Debt Recovery Inc. do not oppose this motion. Counsel for National Credit System opposes this motion.

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. I also certify that the foregoing document is being served this day to counsel for Defendant, via e-notice, email or US Postal mail.

/s/Christian E. Cok
Christian E. Cok
Florida Bar Number: 1032167